"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE M. DURAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. CV 08-767 AN<br><br>ORDER AFFIRMING FINAL<br>DECISION OF THE COMMISSIONER |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising six disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. The Court now rules as follows.

**<u>Issue #1</u>**

Plaintiff contends the Administrative Law Judge ("ALJ") improperly evaluated his subjective complaints but he does not specifically identify the complaints that he claims the ALJ did not properly evaluate. (JS 4.)

Plaintiff's contention fails for the reason set forth by the Commissioner at page 7 of the JS, that is, because the ALJ properly relied on significant gaps in Plaintiff's medical treatment, especially in 2006. (JS 7; AR 31; *see Fair v. Bowen*, 885 F.2d 597,

603 (9th Cir. 1989) (unexplained failure to seek treatment sufficient to discredit allegation of disabling pain).) The ALJ also properly considered his own observation that Plaintiff sat comfortably and moved quickly and comfortably at the administrative hearing.  (JS 7; AR 31; *see Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (ALJ may consider personal observations).)

**Issue #2**

Plaintiff contends the ALJ erred in evaluating his use of medication and their possible side effects. (JS 8.)  Plaintiff alleged his medications for depression cause a "spinning effect" that lasts for a few seconds in the morning about twice a week.  (AR.)  This contention fails for the reasons provided by the Commissioner at page 9 of the JS and the following reasons.  The ALJ was not required to address undocumented side effects of medications. (JS 8; *see Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir.1985) (ALJ properly rejected allegations of impairment from side effects of narcotic medication because plaintiff produced no clinical evidence showing that narcotics use impaired his ability to work).)  Nor was the ALJ required to address the alleged side effect because it did not interfere with Plaintiff's ability to work. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (ALJ need not consider side effects where there were passing mentions of side effects but no evidence that side effects severe enough to interfere with ability to work).

**Issue #3**

Plaintiff contends the ALJ did not properly evaluate his obesity and its effect on his pain, exertional limitations, diabetes and other conditions. (JS 9-10.)

The present contention fails for the reasons set forth by the Commissioner at page 11 of the JS and the following reasons. The record shows the ALJ considered Plaintiff's obesity when he found that it had more than a minimal affect on his ability to perform work-related activities and was a severe impairment. (AR 29.) The ALJ also considered Plaintiff's obesity when he adopted the opinion of Sahniah Siciarz-Lambert, M.D., who noted Plaintiff was moderately to morbidly obese. (AR 31, 174).  Further, the ALJ was

1 not required to inquire further into the effects of Plaintiff's obesity because Plaintiff was
2 represented by counsel, and the medical record did not indicate that his obesity
3 exacerbated his other impairments. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th
4 Cir.2005) (where claimant represented by counsel and record does not indicate that
5 obesity exacerbated other impairments, ALJ does not have burden to further develop
6 record regarding obesity).

7 Equally without merit is Plaintiff's contention that the ALJ erroneously evaluated
8 his psychological problems. (JS 11.) The ALJ found Plaintiff's depression and anxiety
9 symptoms were non-severe because the record only referred to them in passing. (AR 29.)
10 He fails to identify any evidence in the record supporting this contention.

11 The record shows Plaintiff complained of depression and anxiety and was
12 prescribed anti-depressant medication in August of 2005. (AR 221-222.) He has not
13 identified any medical evidence that shows the prescribed medications were ineffective.
14 Impairments that can be controlled effectively with medication are not disabling. *Warre*
15 *v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

16 Plaintiff has also failed to identify any medical evidence that shows his depression
17 or anxiety had any effect on his ability to perform work-related activities. An impairment
18 will be considered nonsevere when the medical evidence establishes only a slight
19 abnormality that would have no more than a minimal effect on a claimant's ability to
20 work. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005); *Bowen v. Yuckert*, 482
21 U.S. 137, 141-42, 107 S. Ct. 2287 (1987). The ALJ properly found Plaintiff's depression
22 and anxiety did not constitute severe impairments. The present contention is without
23 merit.

### Issue #4

25 Plaintiff contends that the ALJ failed to pose a proper hypothetical question to the
26 vocational expert. (JS 12.) Plaintiff does not specifically allege in what manner the
27 hypothetical question was improper. The present contention fails for the reason set forth
28 by the Commissioner at page 13 of the JS, specifically, because the hypothetical question

was based on Plaintiff's residual functional capacity. Further, the ALJ's determination of Plaintiff's residual functional capacity was supported by substantial evidence in the record, which includes the opinion Dr. Siciarz-Lambert who examined Plaintiff on July 18, 2006. (AR 30-31, 173-181.)

### Issue #5

Plaintiff contends the ALJ "should have discussed the plaintiff [sic] problems withing [sic] the framework of her [sic] non-exertional limitations that would limit the range of work and therfor [sic] the GRIDS [sic] do not apply." (JS 13.) Plaintiff appears to contend the ALJ erred in finding he was not disabled based on the medical-vocational grids without consideration of his non-exertional limitations. But Plaintiff fails to identify any non-exertional limitation that the ALJ failed to consider.

Moreover, Plaintiff's fifth contention lacks merit. The ALJ found Plaintiff was limited to occasional climbing, kneeling, crouching, crawling and stooping. (AR 30.) These were the only non-exertional limitations found by the ALJ. (AR 30.) When non-exertional impairments are present, the testimony of a vocational expert is required in order to support a finding of residual functional capacity for substantial gainful activity. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 578-580 (9th Cir. 1988). At Plaintiff's administrative hearing, the vocational expert testified that a person with Plaintiff's age, education, work experience and residual functional capacity, which included his non-exertional limitations, could perform jobs that existed in significant numbers in the national economy. (AR 277-279.) The ALJ properly relied on the vocational expert's testimony in finding Plaintiff could perform work. (AR 33.)

### Issue #6

Plaintiff contends the ALJ "did not properly evaluate the treating sources and the medical doctors [sic] mentioned in these sources." (JS 14.) Plaintiff appears to contend the ALJ did not properly evaluate the opinions of his treating medical providers. The present contention fails for the reason set forth by the Commissioner, that is, because the ALJ properly relied on the opinion of Dr. Siciarz-Lambert, who examined Plaintiff on

July 18, 2006.  (JS 15; AR 178-181.)

## **Conclusion**

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record.  IT IS THEREFORE ORDERED that a judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice.

DATED:    January 6, 2009                      /s/ Arthur Nakazato
                                                                                ARTHUR NAKAZATO
                                                            UNITED STATES MAGISTRATE JUDGE